UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 14-03-DCR |
| V. | ) |
| MATTHEW MICHAEL CONWAY, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 23, 2014, Defendant Matthew M. Conway pleaded guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Record No. 38] Conway was sentenced to a 60-month term of imprisonment, followed by three years of supervised release. [Record Nos. 67, 70] He has now submitted a letter requesting a reduction of his sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1] Conway has provided the Court with a list of programs in which he is participating during his imprisonment. After reviewing Conway's letter, the attached list, and the record of this proceeding, the Court concludes that a reduction of his sentence is not warranted.

---

1  Although counsel has not been requested, the Court notes that there is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2) "does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether to appoint counsel. Here, the record and information possessed by the Court from the original sentencing is sufficient to consider a 18 U.S.C. § 3582(c)(2) motion. Therefore, appointment of counsel would be unnecessary and a waste of resources.

The facts supporting Conway's guilty plea are outlined in paragraph three of his Plea Agreement. They are as follows:

> Beginning in or about June 2008, and continuing through on or about January 12, 2009, Matthew Michael Conway, Brandon Reynel Moore, Maurine Dwayne Taylor and others agreed to possess with intent to distribute and to distribute Oxycodone, a Schedule II controlled substance, in Madison County, in the Eastern District of Kentucky, and elsewhere.
>
> On January 12, 2009, a cooperating witness (CW) utilized by KSP made a controlled purchase of 11 oxycontin 80mg pills and 38 oxycontin 40mg pills from Moore for $2100 at Conway's apartment in Richmond, Madison County. Both Conway and Taylor were present. Conway was aware of the drug distributions, permitted the transactions to occur and received compensation in pills and money for his cooperation.
>
> After the transaction, Moore and Taylor left the residence and were observed driving towards Lexington. A traffic stop was initiated of the vehicle and a search conducted resulted in the recovery of two plastic bags containing 59 oxycontin 40mg pills and 60 oxycontin 80mg pills, respectively. Moore had $5,070 on his person and Taylor had $2,103 on his person and each amount of cash contained a portion of the money used by the KSP CW to purchase the pills from Moore.
>
> A search warrant was obtained for Conway's apartment where officers seized various drug paraphernalia, 25 Oxycodone 30mg pills, 24 oxycontin 40mg pills and 14 oxycontin 80mg pills. Conway had $81.00 on his person and was arrested. On the back porch were two firearms, a Ruger .40 caliber handgun and a Smith and Wesson 9mm and ammunition.
>
> All of the suspected Oxycodone and oxycontin pills have tested or been identified as containing Oxycodone, a Schedule II controlled substance.

[Record No. 68]

Based on the amount of drugs involved,[2] the defendant's base offense level was determined to be 24. [Presentence Investigation Report, "PSR," p. 5] Conway received two

---

2   The defendant was responsible for conspiring to distribute 85 Oxycontin 80mg tablets, 121 Oxycontin 40mg tablets, and 25 Oxycontin 30mg tablets, which yield a marijuana equivalency of 83 kilograms. [PSR, p. 5]

additional points for possessing a firearm during the commission of the offense. [*Id.*] He also received a three-level reduction for his acceptance of responsibility, resulting in a total offense level of 23. [*Id.*] With a criminal history category of III, Conway's sentencing range under the 2013 United States Sentencing Guidelines was 57 to 71 months. [*Id.*, p. 15] Due to the defendant's cooperation during the investigation, he was sentenced near the lower-end of the guidelines. [*See* Record No. 69.] However, when all relevant sentencing factors were considered, the undersigned concluded that a minimum term of imprisonment of 60 months should be imposed.

Conway is currently scheduled to be released from incarceration on February 11, 2018. *See* http://www.bop.gov/inmateloc/ (last checked October 15, 2015). The United States Sentencing Commission has since amended the applicable guideline range and given the amendments retroactive effect. *See* U.S.S.G. App. C., amend. No. 782, U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014). As a result, the relevant drug quantity table in the U.S.S.G. was reduced by two levels. With a re-calculated total offense level of 21, Conway's non-binding guideline range under the 2014 amendments would be 46 to 57 months.[3]

The first issue presented by Conway is whether a sentence reduction is warranted in light of the facts of the case and relevant factors to be considered under 18 U.S.C. § 3553. In addressing this question, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the

---

3  A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise *leniency* to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (emphasis added).

public from potential, future crimes of Conway. After again considering these and other sentencing factors, the Court concludes that a reduced term of imprisonment is not warranted.

As discussed during the sentencing hearing, conspiring to possess with intent to distribute Oxycodone is a very serious offense. Under the facts presented, a reduced sentence would unduly diminish the seriousness of Conway's criminal conduct. Additionally, Conway has an extensive criminal history, which presents a danger to the public and a significant likelihood that he will reoffend when released.[4] Even when the related state offense was dismissed on April 17, 2009, Conway continued to engage in criminal conduct. [PSR, p. 20] And the defendant committed the instant offense while under a criminal justice sentence in two separate cases. [*Id.*] Further, the defendant's admitted history of drug addiction presents a danger to the public and an increased likelihood of recidivism. [PSR, p. 13] Thus, a sixty-month term of imprisonment is needed to protect the public and provide necessary deterrence regarding future offenses.

Moreover, the Court's original sentence was at the lower-end of the applicable guideline range. In imposing such a sentence, the Court took into consideration the mitigating factors outlined in the PSR.[5] While Conway has provided information detailing

---

[4] The defendant has been convicted twice for operating a motor vehicle under the influence, three times for possession of marijuana, and twice for disorderly conduct. [PSR, pp. 6–8] Further, he has been convicted of bail jumping and resisting arrest. [*Id.*, pp. 6, 9]

[5] Conway has supportive family members that have sent letters on his behalf [Record No. 71], but they appear to be at their "wits' end." [PSR, p. 20] In addition, Conway has some college education and a "decent" employment record. [*Id.*]

his rehabilitative progress since his incarceration, this mitigating factor does not offset the many aggravating factors outlined above.

The Court has also considered the high costs of incarceration but finds that the expenses that would be saved by reducing the defendant's sentence (i.e., releasing Conway early from a non-residential re-entry program) do not outweigh the other sentencing factors outlined above.  In summary, after again reviewing the relevant § 3553 factors and Conway's post-sentencing conduct,[6] the Court concludes that a minimum term of 60 months is necessary and appropriate under the circumstances.  Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is directed to file letter which will be construed as a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2).

2. Defendant Conway's motion for reduction of his sentence is **DENIED**.

This 15th day of October, 2015.



Signed By:
Danny C. Reeves  DCR
United States District Judge

---

6  The Court is not required to consider post-conviction conduct when considering Conway's request.  *See* USGG § 1B1.10, comment. (n.1(B)(iii)) (when considering whether to grant a § 3582(c)(2) sentence reduction, a district court "*may* consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment") (emphasis added).  However, the information provided by Conway would not alter the conclusion that a sentence reduction is not appropriate under the facts presented.